IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| MARQUIS DEVON BOOZER, | § | |
| | § | |
| *Petitioner,* | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-06-2784 |
| | § | |
| NATHANIEL QUARTERMAN, | § | |
| | § | |
| *Respondent.* | § | |

**MEMORANDUM OPINION AND ORDER**

State inmate Marquis Devon Boozer, proceeding *pro se* and impliedly *in forma pauperis*, filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254 challenging his 2001 state court felony conviction. After considering the pleadings, the public records, and the applicable law, the Court concludes that the petition must be dismissed as time-barred.

**I.  PROCEDURAL HISTORY**

According to the instant petition, petitioner pleaded guilty to aggravated robbery on December 12, 2001, and was sentenced to sixteen years confinement. The state appellate court granted petitioner's motion to voluntarily withdrawal his direct appeal, and dismissed his appeal on January 16, 2003. *Boozer v. State*, No. 11-02-00048-CR (Tex. App. – Eastland, 2003). According to records on file with the Texas Court of Criminal Appeals, petitioner took no further action on his conviction until he filed a state habeas application with the state district court on July 28, 2004.[1] (Docket Entry No. 1, p. 3.) The Texas Court

---

[1] Petitioner incorrectly asserts that he filed his state habeas application on June 6, 2005. Public records show that the Texas Court of Criminal Appeals received petitioner's state application

of Criminal Appeals denied state habeas relief on August 31, 2005. Petitioner filed this federal habeas petition on August 30, 2006, raising ineffective assistance of counsel in his 2001 guilty plea. The pending habeas petition shows on its face that it is subject to dismissal as barred by limitations.

## II.  DISCUSSION

### A.  The One-Year Statute of Limitations

The pending petition is governed by provisions of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). Under AEDPA, habeas corpus petitions are subject to a one-year limitations period found in 28 U.S.C. § 2244(d), which provides as follows:

(d)(1)  A 1-year period of limitations shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –

    (A)  the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

    (B)  the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

    (C)  the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

    (D)  the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

---

from the state district court on that date.

>  (2)   The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d)(1)-(2). Although the statute of limitations is an affirmative defense, district courts may raise the defense *sua sponte* and dismiss a petition prior to any answer if it "plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." *Kiser v. Johnson*, 163 F.3d 326, 328 (5th Cir. 1999).

In this case, petitioner's conviction became final for purposes of the AEDPA one-year limitation at the conclusion of direct review or the expiration of the time for seeking such review in state court. Conservatively assuming that petitioner's direct review concluded on January 13, 2003 when his appeal was voluntarily dismissed, his conviction became final thirty days later on or about February 13, 2003. Petitioner then had one year, or until on or about February 13, 2004, to file his federal petition. Because petitioner did not file this petition until August 30, 2006, the petition is untimely unless an exception applies.

### B.   Statutory Tolling

Under 28 U.S.C. § 2244(d)(2), the time during which a properly filed application for state habeas relief or other collateral review is pending shall not be counted toward the limitations period. *Artuz v. Bennett*, 531 U.S. 4 (2000). Petitioner, however, did not file his state habeas application until July 28, 2004, after the one-year limitations period expired on or about February 13, 2004. His state application did not toll the federal limitations period.

*See Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000). In the absence of any equitable tolling considerations, this petition is time-barred.

### C.  Equitable Tolling

Equitable tolling applies principally where one party is actively misled by the other party or is prevented in some extraordinary way from asserting his rights. *Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir. 1999). To warrant equitable tolling, a petitioner must show extraordinary circumstances beyond his control that made it impossible to file his petition on time. A petitioner's diligence in pursuing relief is an important factor in assessing his entitlement to equitable tolling. *Coleman*, 184 F.3d at 403.

Petitioner fails to show diligence in pursuing his legal remedies, and fails to show extraordinary circumstances entitling him to equitable tolling. Although petitioner claims he is "actually innocent" of the aggravated robbery conviction, a claim of actual innocence, without more, does not constitute rare and exceptional circumstances equitably tolling limitations. *See Felder v. Johnson*, 204 F.3d 168, 171 (5th Cir. 2000).

Petitioner's pleadings do not reveal any viable grounds for application of any statutory or equitable tolling provisions for the AEDPA limitations bar, and his petition is untimely.

### III.  CONCLUSION

Petitioner's petition for habeas relief is **DENIED** and this case is **DISMISSED WITH PREJUDICE** as barred by limitations. A certificate of appealability is **DENIED**. Any and all pending motions are **DENIED AS MOOT**.

The Clerk will provide a copy of this order to the parties.

Signed at Houston, Texas, on August 31, 2006.

_____
Gray H. Miller
United States District Judge